UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STACY KNIGHT,                                      :
                                                   :
                Plaintiff,    :    99 Civ. 3955 (RMB)(KNF)
                                                   :
       -against-                                 :    **DECISION AND ORDER**
                                                   :
JOHN P. KEANE, SUPERINTENDENT,                     :
SING SING CORRECTIONAL FACILITY,                   :
ET AL.,                                            :
                                                   :
                                                   :
                Defendants.   :
------------------------------------------------------------x

**I.    Background**

On or about June 1, 1999, pro se Plaintiff Stacy Knight ("Plaintiff"), currently incarcerated at Southport Correctional Facility, commenced this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants John P. Keane, Superintendent, Sing Sing Correctional Facility, Sergeant H. Kerrigan, Sing Sing Correctional Facility, Thomas Dixon, Lieutenant, Attica Correctional Facility, and Donald Selsky, Director of Special Housing Unit and Inmate Disciplinary Program, Department of Corrections ("DOCS") (collectively, "Defendants"). Plaintiff alleged that Defendants violated (i) his First Amendment right to receive and send mail by confiscating his personal correspondence; and (ii) his Eighth and Fourteenth Amendment rights by confining him to "keeplock" for 365 days following an October 1996 disciplinary hearing.[1] Plaintiff's claims stem from the seizure of a letter he wrote to his mother, dated October 13, 1996. The letter was opened during a facility-wide lockdown at Sing Sing Correctional Facility following the stabbing of three inmates in October of 1996, and was

---

[1] Keeplock is "a form of administrative segregation in which an inmate is confined to his cell and denied participation in normal prison activities, as well as telephone and commissary privileges." Wright v. Coughlin, 132 F.3d 133, 135 (2d Cir. 1998).

introduced into the record of Plaintiff's October 1996 disciplinary hearing, at which Plaintiff was found guilty of assaulting another inmate.

On October 16, 2002, this Court dismissed Plaintiff's Eighth Amendment Claim, but denied Defendants' motion to dismiss Plaintiff's First and Fourteenth Amendment claims. Knight v. Keane, 247 F. Supp. 2d 379 (S.D.N.Y. 2002).

On or about December 16, 2004, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that: (1) "[i]t was not a First Amendment violation to inspect plaintiff's mail since DOCS did so in an attempt to find out who had assaulted other inmates with a knife, and thus had good cause;" (2) "there is no 'exclusionary rule' with regard to using improperly procured evidence in a prison disciplinary hearing, and therefore there was no Fourteenth Amendment violation arising from the use of the letter;" and (3) "even if plaintiff were able to establish a First or Fourteenth Amendment violation . . . defendants would be entitled to qualified immunity." (Memorandum of Law in Support of Defendants' Motion for Summary Judgment at 1, 2, 13.) Plaintiff submitted an opposition to the Defendants' motion, dated February 11, 2005, and Defendants filed a reply on or about March 17, 2005.

On or about August 26, 2005, United States Magistrate Judge Kevin Nathaniel Fox, to whom this matter had been referred, issued a thorough report and recommendation ("Report") recommending that Defendants' motion for summary judgment be granted, because: (1) "the inspection of plaintiff's mail was based on a reasonable suspicion of his continuing criminal activity and was reasonably related to legitimate penological interests;" (2) "while the duration and conditions of plaintiff's confinement constituted an atypical and significant hardship, plaintiff has failed to present a due process violation;" and (3) "because there was no violation of

a clearly established constitutional right, the Court finds that the defendants are entitled to qualified immunity." (Report at 13, 18.)

The Report notified the parties that "[p]ursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections." (Id. at 19.) Plaintiff filed objections ("Objections") to the Report, dated November 22, 2005. Defendants filed a response on or about December 28, 2005. **For the reasons set forth below, the Court adopts the Report in its entirety and grants Defendants' motion for summary judgment.**

## II.    Legal Standard

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Santana v. Kuhlman, 232 F. Supp. 2d 154, 157-58 (S.D.N.Y. 2002). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

Where, as here, the plaintiff is proceeding pro se, "leniency is generally accorded." See Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999). The court will "read [the pro se party's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

**III.     Analysis**

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, Defendants' Motion, the Report, Petitioner's Objections, Defendants' response, the record, and applicable legal authorities, and concludes that the determinations and recommendations made by Magistrate Judge Fox are supported by the record and the law in all respects. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Petitioner's Objections do not constitute a basis for departing from the Report's recommendations.[2]

First, Magistrate Judge Fox correctly concluded that there was no First Amendment violation, because "the confiscation of plaintiff's mail was within constitutional bounds." (Report at 12); see Duamutef v. Hollins, 297 F.3d 108, 112-14 (2d Cir. 2002) (finding no First Amendment violation where a mail watch was "reasonably related to legitimate penological interests."). Second, Magistrate Judge Fox correctly concluded that there was no Fourteenth Amendment violation, because "plaintiff has failed to present a due process violation." (Report at 18.)

Plaintiff objects to the Report on the ground, inter alia, that Defendants' failure to obtain written authorization for the mail watch, "in contravention of the Department of Correctional Services' own Rules and Regulations," should make their actions prima facie unconstitutional. (Objections at 1, 2.) The Court disagrees because "a technical violation of this particular regulation does not require suppression of information gleaned from a mail watch." United States v. Felipe, 148 F.3d 101, 108 (2d Cir. 1998) (quoting United States v. Workman, 80 F.3d

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro, 776 F. Supp. at 817. Any of Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

4

688, 699 n.7 (2d Cir. 1996)). Magistrate Judge Fox properly concluded that "because there was no violation of a clearly established constitutional right . . . defendants are entitled to qualified immunity." (Report at 18); see Duamutef, 297 F.3d at 113-14.

## IV. Conclusion and Order

The Court adopts Magistrate Judge Fox's Report in its entirety, and, for the reasons stated herein and therein, grants Defendants' motion for summary judgment. The case is dismissed in its entirety and the Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      January 11, 2005

*RMB*
_____
RICHARD M. BERMAN, U.S.D.J.